UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES K. FLEMING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-CV-283-KAC-DCP |
| | ) |
| JEFFREY J. LYASH, President and CEO of | ) |
| Tennessee Valley Authority, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Quash and for a Protective Order [Doc. 61], over a Zoom deposition set for Monday, December 19, 2022. Defendant's motion relates to Plaintiff's subpoena served on Jacinda B. Woodward ("Woodward"), Defendant's Senior Vice President of Power Operations, "and other witnesses improperly noticed for deposition by Plaintiff" [*Id*. at 1]. For grounds, Defendant asserts that (1) Plaintiff will exceed the limitation of depositions if he takes Woodward's deposition,[1] (2) Woodward was not included in the parties' initial disclosures or referenced in the discovery produced in this case, (3) Woodward possesses no firsthand knowledge of Plaintiff's claims, and (4) the subpoena violates Rule 26(b)(2)(C) because her deposition would be unreasonably cumulative and duplicative. Defendant submits the

---

[1] Defendant states that Plaintiff has taken eight depositions: six individuals and two Rule 30(b)(6) witnesses. Generally, the Rule 30(b)(6) deposition, no matter how many deponents are designated, is treated as one deposition. *Smith v. Smith*, No. 19-10330, 2020 WL 1933820, at *6 (E.D. Mich. Apr. 22, 2020).

Declaration of Jacinda B. Woodward [Doc. 61-2], generally stating that she has no relevant knowledge to provide.

Plaintiff filed a Motion for Leave to File a Motion to Compel Deposition Testimony of Jacinda Woodward and Response in Opposition to Defendant's Motion for Protective Order [Doc. 62]. Plaintiff alleges that Woodward has relevant knowledge, explaining that she served as an executive sponsor to the Diversity & Inclusion Department [Doc. 62 ¶ 2]. Plaintiff alleges that Woodward spoke during a meeting and made inappropriate comments regarding African Americans [*Id*. ¶¶ 3–4].

In addition, Plaintiff filed a Motion for Leave to Increase the Limit for Depositions and Supplemental Response to Defendant's Motion to Quash [Doc. 63]. First, Plaintiff states that he has limited his depositions to ten, which includes Woodward. He contacted defense counsel "and asked him to clarify to the [C]ourt that [he] is not currently seeking to depose more than ten (10) deponents" [*Id* at 1]. Plaintiff states that he was "only in [the] process of determining whether the defendant opposed this motion for leave to increase said limit" [*Id*.]. Further, Plaintiff asserts that the Court now has conflicting evidence about Woodward's knowledge and that he should be able to cross examine her. Plaintiff also seeks leave to depose seven additional witnesses, listing their names and their relevant knowledge.

In light of the parties' dispute, the Court **STAYS** compliance with the subpoena pending adjudication of Defendant's motion. *See* Fed. R. Civ. P. 45(d)(2)(B)(ii) ("These acts may be required only as directed in the order."); *Zamler v. Ashton Techs., Inc.*, No. 14-14189, 2016 WL 193382, at *2 (E.D. Mich. Jan. 15, 2016) (staying compliance with subpoenas until the court

Declaration of Jacinda B. Woodward [Doc. 61-2], generally stating that she has no relevant knowledge to provide.

Plaintiff filed a Motion for Leave to File a Motion to Compel Deposition Testimony of Jacinda Woodward and Response in Opposition to Defendant's Motion for Protective Order [Doc. 62]. Plaintiff alleges that Woodward has relevant knowledge, explaining that she served as an executive sponsor to the Diversity & Inclusion Department [Doc. 62 ¶ 2]. Plaintiff alleges that Woodward spoke during a meeting and made inappropriate comments regarding African Americans [*Id*. ¶¶ 3–4].

In addition, Plaintiff filed a Motion for Leave to Increase the Limit for Depositions and Supplemental Response to Defendant's Motion to Quash [Doc. 63]. First, Plaintiff states that he has limited his depositions to ten, which includes Woodward. He contacted defense counsel "and asked him to clarify to the [C]ourt that [he] is not currently seeking to depose more than ten (10) deponents" [*Id* at 1]. Plaintiff states that he was "only in [the] process of determining whether the defendant opposed this motion for leave to increase said limit" [*Id*.]. Further, Plaintiff asserts that the Court now has conflicting evidence about Woodward's knowledge and that he should be able to cross examine her. Plaintiff also seeks leave to depose seven additional witnesses, listing their names and their relevant knowledge.

In light of the parties' dispute, the Court **STAYS** compliance with the subpoena pending adjudication of Defendant's motion. *See* Fed. R. Civ. P. 45(d)(2)(B)(ii) ("These acts may be required only as directed in the order."); *Zamler v. Ashton Techs., Inc.*, No. 14-14189, 2016 WL 193382, at *2 (E.D. Mich. Jan. 15, 2016) (staying compliance with subpoenas until the court

determines whether they should be quashed). Further, in light of the approaching discovery deadline (i.e., December 19, 2022), the Court **ORDERS** the following:

1) Defendant **SHALL** reply, if necessary to Plaintiff's response in opposition [Doc. 62] on or before **December 20, 2022**;

2) Defendant **SHALL** respond to Plaintiff's Motion for Leave to Increase the Limit for Depositions [Doc. 63] on or before on or before **December 27, 2022**; and

3) Plaintiff **SHALL** reply, if necessary, to his Motion for Leave to Increase the Limit for Depositions & Supplemental Response [Doc. 63] on or before **December 30, 2022**.

**IT IS SO ORDERED.**

ENTER:

/s/ Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge